McKEE et al. v. SHAFFER et al.

(Circuit Court, D. Indiana. June 23, 1894.)

No. 8,877.

INTERPLEADER—PURCHASE OF STREET-RAILWAY STOCK — DIVISION OF COMMISSION BETWEEN AGENTS.

W. H. Latta, for complainants.
A. J. Beveridge, for defendant Shaffer.
Miller, Winter & Elam, for defendant Mason.

BAKER, District Judge. The complainants filed their bill of complaint on the 5th day of June, 1893, asking that the defendants,

Shaffer and Mason, be required to interplead to settle their respective claims to the sum of $25,000. The bill alleges, in substance: That on the 17th day of November, 1892, complainants executed a contract in writing, as follows:

"Chicago, Ill., Nov. 17th, 1892.

"We, the undersigned, do hereby promise and agree to pay to J. C. Shaffer, for services rendered in our negotiations for the purchase of stock of the Citizens' Street-Railroad Company, of Indianapolis, Indiana, the sum of one hundred thousand dollars ($100,000.00) in cash, payable to said Shaffer whenever the final payment is made on said stock so purchased, and when said stock is delivered to said purchasers. This agreement is made upon the condition that the amount of said stock so purchased and delivered shall be eighty per cent. of the capital stock of said company; provided, that if the undersigned shall accept less than the said eighty per cent. as a fulfillment of their contract of purchase this day made with J. J. Mitchell, on behalf of the stockholders of said company, then this commission shall be due and payable the same as if the full eighty per cent. of said stock were delivered.

"[Signed]                                           H. Sellers McKee.

"Murry A. Verner."

—That the sale and delivery of the stock were performed in accordance with the terms of said contract, and that they became liable to pay said sum of $100,000 according to the terms of the said contract. That they have paid $75,000 of said commission to said Shaffer, which he has accepted in full satisfaction thereof to that extent, leaving unpaid the sum of $25,000, which sum they are ready and willing to pay. But they aver that the defendant Mason has notified them that he was and is jointly interested with said Shaffer in said commission, and that it was agreed by and between him and Shaffer at and before the said contract was entered into, and at and before the rendition of the services for which the commission was to be paid, that said contract was entered into by said Shaffer for the benefit of Mason, as well as himself, and that, of the said commission so agreed to be paid, the sum of $25,000 should be paid to and received by said Mason for his own separate use and benefit; and said Mason has further notified them that none of that part of the commission which has been paid has been paid to or received by him, and that he is entitled to receive all of said sum of $25,000 which remains unpaid; and he has demanded of the complainants that they pay said sum to him, and not to said Shaffer, asserting that he alone is entitled to receive the same. The complainants further aver that Shaffer has demanded of them that they pay said sum of $25,000 to him, and he asserts that he alone is entitled to receive the same; that, by reason of said conflicting claims and demands, they are unable to determine which of said defendants is entitled to receive said money, and they are threatened with suit therefor by each of said defendants, although they are ready and willing to pay the same to the party entitled thereto; that neither of said defendants is making claim to said money by any collusive arrangement or understanding with the complainants, or either of them. The complainants bring said sum of $25,000, and offer to pay the same into court, and ask that the defendants be required to interplead. The bill was amended by offering to pay said sum of $25,000, and any interest that may be found to be due and owing

thereon. The complainants filed with their bill an affidavit as required by the practice of the court in such case. Thereupon the court made an order requiring the defendants to interplead.

The defendant Mason filed a cross complaint against the defendant Shaffer, in which he admitted the material allegations contained in the original bill. He further alleged, among other things, that he was and is jointly interested with the defendant Shaffer in the commission upon the sale mentioned in the original bill; that at and before the contract of November 17, 1892, was entered into, in a conversation between cross complainant and Shaffer, it was agreed that they should work together, and that there should be a fair division of the compensation between them; that upon that understanding, they went to Chicago, and entered upon negotiations with the owners of the stock of said street-railroad company, which finally resulted in its purchase; that, in pursuance of their said arrangement, the contract for the payment of the commission was entered into and delivered to said Shaffer, who, having obtained possession thereof, at once set up the claim of entire ownership, and repudiated all right and claim of the cross complainant, and insists that he alone is entitled to the sole compensation for making said purchase, notwithstanding the fact that he was brought into the matter by the cross complainant, and had distinctly agreed that the compensation should be divided between them upon an equitable basis, and that the services had been jointly rendered; that a fair and equitable division of said commission under their said agreement, and for the services rendered, would be and is an equal amount to each; that said Shaffer has received and appropriated to his own use all of the commission except the sum of $25,000, which remains unpaid. Prayer that cross complainant be adjudged to be entitled to receive said sum of $25,000 to his sole use. Defendant Shaffer denies with great and needless particularity all the averments of said cross complaint. He also put in issue all the material allegations of the original bill. He alleges that he alone is entitled to receive said sum of $25,000, together with interest on the same, from March 9, 1893.

Proofs have been taken, and the cause has been argued and submitted upon the various issues presented by the pleadings. I shall content myself with a brief statement of the conclusions which I have reached. After a careful study of the evidence, both oral and documentary, the conclusions reached by the court are as follows:

First. The cross complainant, Mason, was and is a practicing attorney at law; and the defendant Shaffer was and is a business man, largely engaged in speculative enterprises, and having experience in the management and sale of street-railway property, and his services were retained by McKee and Verner because of his supposed ability to negotiate for them the purchase of a controlling interest in the stock of the Citizens' Street-Railroad Company of Indianapolis, Ind.

Second. The services of said Mason were engaged by McKee and Verner because of his supposed ability to aid them in making said purchase as their legal adviser, and the services rendered by him

in and about said negotiations and purchase were such as are ordinarily rendered by an attorney for his clients under like circumstances.

Third. McKee and Verner had no knowledge, during the pendency of said negotiations, nor until the latter part of May, 1893, that there was any claim on the part of cross complainant, Mason, that there was, or was claimed to be, a secret agreement and understanding between himself and said Shaffer by which he was to have and receive a fair and equitable share of the commission which McKee and Verner had contracted and agreed to pay to said Shaffer; but it was the belief and understanding of said McKee and Verner that said Mason was in their employ as their attorney and legal adviser, and not otherwise.

Fourth. McKee and Verner understood at and before they entered into the contract of November 17, 1892, that the entire amount of the commission mentioned therein had been earned by said Shaffer alone; and they contracted and agreed to pay him said sum on the distinct understanding on their part that he alone was entitled to receive the same for his sole use and benefit.

Fifth. McKee and Verner are justly indebted to said cross complainant, Mason, for the reasonable value of his services as their attorney in and about said negotiations and purchase.

Sixth. It is not proved by a preponderance of the evidence that the cross complainant, Mason, is entitled to receive any part of the commission agreed to be paid to said Shaffer by the contract of November 17, 1892; and the court therefore finds that the whole amount of the commission mentioned in said contract belongs and is due and payable to said Shaffer.

Seventh. Said sum of $100,000, by the terms of said contract, became due and payable March 9, 1893; and said Shaffer is entitled to receive the sum of $25,000, remaining unpaid, together with six per cent. interest thereon from March 9, 1893, to this time, amounting, in principal and interest, to the sum of $26,933.80.

Eighth. The costs in this case ought to be paid by the complainants, McKee and Verner, and cross complainant, Mason.

Ninth. Let a decree be entered in conformity to the above findings.